## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SOMALTUS LLC | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | **PATENT CASE** |
| | § | |
| NISSAN NORTH AMERICA, INC. | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Somaltus LLC ("Plaintiff" or "Somaltus") files this Complaint against Nissan North America, Inc. ("Defendant" or "Nissan") for infringement of United States Patent No. 7,657,386 (hereinafter "the '386 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with its principal office located at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.

4.      Upon information and belief, Defendant is a Delaware corporation with its principal office located at One Nissan Way, Franklin, Tennessee 37067. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of

Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5.      Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,657,386)

7.      Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

9.      Plaintiff is the owner by assignment of the '386 patent with sole rights to enforce the '386 patent and sue infringers.

10.     A copy of the '386 Patent, titled "Integrated Battery Service System," is attached hereto as Exhibit A.

11.     The '386 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '386 patent by making, using, importing, selling, and/or offering for sale a line of vehicles equipped with a hybrid battery system for servicing the battery on a hybrid vehicle covered by one or more claims of the '386 patent. Defendant has infringed and continues to infringe the '386 patent either directly or through acts

of contributory infringement or inducement in violation of 35 U.S.C. § 271.

13.     Defendant sells, offers to sell, and/or uses hybrid electric vehicle systems, including, without limitation, the Nissan Altima Hybrid vehicles, and any similar vehicles and systems, which infringe at least Claim 1 of the '386 Patent. The hybrid battery system for the Altima Hybrid vehicles includes an input device for receiving signals used to control the performance of the vehicle, contains a processor for executing functions associated with control codes to carry out the battery services (such as charging and discharging), monitors the condition of the high-voltage battery assembly, and transmits information regarding the battery to the hybrid vehicle control ECU, which stores a Diagnostic Trouble Code in its memory. The Altima Hybrid battery system also regulates current that is fed into a battery pack and monitors internal temperature to prevent overheating.

14.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

15.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

16.     Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice

of the order from further infringement of United States Patent No. 7,657,386 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 12, 2015

Respectfully submitted,

_____*/s/ Jay Johnson*_____
**JAY JOHNSON**
State Bar No. 24067322
**BAILEY K. HUBBARD**
State Bar No. 24091462
**BROWN FOX KIZZIA & JOHNSON PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
(214) 613-3350
Fax: (214) 613-3330
jay@brownfoxlaw.com
bailey@brownfoxlaw.com
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A